IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CURTIN MARITIME CORPORATION | § § § § § § § § § § § § § | C.A. NO. _____ |
| | | (ADMIRALTY) |
| v. | | |
| M/V EPIC EXPLORER, *in rem,* EPIC COMPANIES, LLC, *in personam*, EPIC DIVING & MARINE SERVICES, *in personam*, and EPIC APPLIED TECHNOLOGIES, LLC, *in personam* | | JUDGE |
| | | MAGISTRATE |

## VERIFIED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, CURTIN MARITIME CORPORATION (herein "Plaintiff" or "Curtin"), and files this Verified Complaint against the Defendants M/V EPIC EXPLORER, her engines, tackle, etc., *in rem*, EPIC COMPANIES, LLC, *in personam*, EPIC DIVING & MARINE SERVICES, *in personam*, and EPIC APPLIED TECHNOLOGIES, LLC, *in personam*, seeking a warrant of maritime arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims, as well as damages for amounts owed for breach of contract. In support of this Verified Complaint, Curtin respectfully submits as follows:

### I.

### JURISDICTION

1. This is an admiralty and maritime claim for unpaid necessaries within the admiralty and maritime jurisdiction of the United States and this Honorable Court in accordance with 28

U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims.  Thus, the general maritime law is invoked.

## II.

## PARTIES

2. Plaintiff Curtin Maritime Corporation is a corporation organized and existing under the laws of the State of California, having its principal place of business in Long Beach, California. Curtin owns and operates a specialized towing/towboat chartering business and provided necessaries to the M/V EPIC EXPLORER, now within this District.

3. Defendant M/V EPIC EXPLORER is a U.S. Flagged vessel, bearing IMO No. 7807689.  The EPIC EXPLORER is now, or will be during the pendency of process hereunder, within this Judicial District and within the jurisdiction of this Honorable Court, and upon information and belief, is or will be moored in Morgan City, Louisiana.

4. Defendant Epic Companies, LLC is a foreign limited liability company, not registered to do business in Louisiana.  Upon information and belief, Epic Companies was at all relevant times, the charterer of the EPIC EXPLORER.

5. Defendant Epic Diving & Marine Services, LLC is a Delaware corporation registered to do business in Louisiana. Upon information and belief, Epic Diving & Marine Services is the owner of the EPIC EXPLORER.

6. Defendant Epic Applied Technologies, LLC is a foreign limited liability company, not registered to do business in Louisiana.  Upon information and belief, Epic Applied Technologies was at all relevant times also the charterer of the EPIC EXPLORER.

## III.

## FACTS

7. The Defendants, as the owners and/or charterers of the M/V EPIC EXPLORER requested that Plaintiff, Curtin, provide various necessaries to the EPIC EXPLORER. Accordingly, Curtin and Epic Companies, LLC entered into a Master and Time Charter Towing Agreement dated May 22, 2019. (A copy of the Master Time Charter is attached as Exhibit "A"). Curtin and Epic Companies also entered into the Short Form Charter Order dated May 23, 2019. (A copy of the Short Form Charter Order is attached as Exhibit "B").

8. Pursuant to the terms and conditions of the contracts, Curtin, as owner of the towing vessel, M/V SHIRLEY C, provided anchoring, towing and other services to the M/V EPIC EXPLORER. Curtin provided the towing and anchor services and other necessaries to the EPIC EXPLORER beginning on May 23, 2019, and to continue for a ten week period, through August 1, 2019.

9. The towing and anchor services provided by Curtin to the EPIC EXPLORER were necessary for the operations of the EPIC EXPLORER in its ordinary trade. Curtin invoiced Defendants $364,000 for the services rendered. Curtin also paid fuel invoices for the EPIC EXPLORER in the amount of $10,667.12. (A copy of the service and fuel invoices are attached as Exhibit "C.")

10. Payment of $58,500 for the two outstanding invoices were due on July 18, 2019 and August 1, 2019. Additional payments for services rendered and the payment of the fuel invoices on behalf of Epic in the amount of $316,167.12 remain due and owing. (See invoices attached as Exhibit "C.") To date, Defendants have failed to make payment for the fuel, towing, anchor and other services provided under the contracts.

## IV.

## RULE C ARREST

11. Plaintiff Curtin repeats and realleges each and every allegation contained in paragraphs 1 through 10 above and incorporates those allegations as if set forth again fully herein.

12. As a result of Defendants' failure to pay the amounts owed and outstanding to Curtin Maritime Corporation for the necessaries supplied to the EPIC EXPLORER on orders of persons authorized to procure necessaries on behalf of the vessel, maritime liens arise under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. §31301 *et seq.* in favor of the Plaintiff Curtin for the unpaid and outstanding invoices.

13. Therefore, pursuant to the general maritime law and the Federal Maritime Lien Act, Curtin has one or more maritime liens against the EPIC EXPLORER totaling $69,167.12, for the necessaries provided, plus additional ongoing and accruing amounts due of $305,500 for a total invoiced of $374,667.12, pre-judgment and post-judgment interest, costs, attorneys' fees and collection expenses.

14. Pursuant to local rules, Plaintiff agrees to hold harmless and indemnify the U.S. Marshal and all of his deputies from any and all liability as a result of arresting the EPIC EXPLORER as well as any other property of the Defendants within this District.

V.

**CONCLUSION & PRAYER**

15. By reason of the foregoing premises, Plaintiff CURTIN MARITIME CORPORATION is the holder of a maritime lien for necessaries against the M/V EPIC EXPLORER, *in rem*, and against EPIC COMPANIES, LLC, EPIC DIVING & MARINE SERVICES, and EPIC APPLIED TECHNOLOGIES, LLC, *in personam*, in the amount of Sixty Nine Thousand One Hundred Sixty Seven and 12/100 Dollars ($69,167.12) exclusive of interests, costs and fees for which the maritime remedy of seizure is available to Plaintiff pursuant to Rule

C of the Supplemental Rules for Certain Admiralty and Maritime Claims and pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff CURTIN MARITIME CORPORATION prays:

1. That process in due form of law may issue against the M/V EPIC EXPLORER, her engines, tackle, apparel, etc., *in rem*, pursuant to Rule C of the Supplemental Rules of Certain Admiralty & Maritime Claims and the rules and practices of this Honorable Court;

2. That, pursuant to a Warrant of Seizure (or Arrest), the United States Marshal of this District arrest said vessel, and retain same under arrest pending the further orders of this Court;

3. That all persons claiming any right, title or interest in said vessel may be cited to appear and to answer, upon oath, all and singular, the matters aforesaid;

4. That the lien arising under the Contract may be declared to be a valid and subsisting lien upon the M/V EPIC EXPLORER, and prior and superior to the interest, liens, and claims of any and all persons, firms, or corporations, whatsoever;

5. That in default of the payment of the sums found to be due and payable for the Necessaries securing same, within the time to be limited by a decree of this Honorable Court, together with a sum sufficient to pay the costs of this suit, it may be decreed that any and all persons, firms, and corporations claiming any interest in said vessel are forever barred and foreclosed of and from all rights or equity of redemption or claim of, in, or to the said vessel, her engines, tackle, etc., and every part thereof;

6. That a judgment may be entered in favor of Plaintiff CURTIN MARITIME CORPORATION against the M/V EPIC EXPLORER, *in rem*, and against EPIC COMPANIES, LLC, EPIC DIVING & MARINE SERVICES, and EPIC APPLIED TECHNOLOGIES, LLC, *in personam*, for the amount of the claim, plus pre-judgment interest, post-judgment interests, and costs, and that the M/V EPIC EXPLORER may be condemned and sold to pay same;

7. That in the event that the proceeds of the sale of the M/V EPIC EXPLORER are insufficient to satisfy the amounts owing by Defendants including penalties, interest thereon, attorneys' fees, and costs of this proceeding, that the Plaintiff recover judgment against the *in personam Defendants*, and against any parties filing a claim to the M/V EPIC EXPLORER for such deficiency; and

8. That Plaintiff may have such other and further relief as the Court and justice may deem just and appropriate under the circumstance of the cause.

Respectfully submitted,

**SCHOUEST, BAMDAS, SOSHEA &BEN-MAIER**,

By: <u>*/s/ Morgan E. Kelley*</u>
  Michael McAlpine (#9195)
  mmcalpine@sbsblaw.com
  Morgan Kelley (#38299)
  mkelley@sbsblaw.com
  365 Canal Street, Suite 2730
  New Orleans, Louisiana 70130
  Phone: (504) 561-0323


  **OF COUNSEL:**
  Timothy W. Strickland
  strick@sbsblaw.com
  Stacey T. Norstrud
  snorstrud@sbsblaw.com
  1001 McKinney, Suite 300
  Houston, Texas 77002
  Phone: (713) 588-0446
  Fax: (713) 574-2942

  **ATTORNEYS FOR PLAINTIFF**
  **CURTIN MARITIME CORPORATION**